IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01495-BNB

JULIAN PETER GABRIEL,

Plaintiff,

v.

UNITED STATES PAROLE COMMISSION,

Defendant.

ORDER OF DISMISSAL

Plaintiff, Julian Peter Gabriel, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. He has filed *pro se* a complaint for relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 (2006). He asks this Court to direct the United States Parole Commission to hold parole revocation proceedings.

Mr. Gabriel has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Gabriel is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or

more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the complaint liberally because Mr. Gabriel is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Gabriel was convicted by a jury in this Court in *United States v. Gabriel*, No. 81cr00200-ZLW (D. Colo. May 12, 1982), on federal charges of armed bank robbery. He was sentenced to twelve years of incarceration. He further alleges that on June 27, 1986, he was released on parole with 2,922 days remaining on his sentence.

He asserts that in 1987 he was convicted of a state criminal offense, sentenced to 25 to 50 years of incarceration, and currently is in state custody. He alleges that approximately on February 11, 1987, the parole commission, based upon his state conviction and sentence, issued a parole violator warrant for his arrest for a parole violation. He further alleges that on January 15, 1988, the United States Marshals Service filed a detainer against him with the DOC. He complains that the parole commission has failed to perform a duty to commence and complete parole revocation proceedings.

Mr. Gabriel is mistaken. There is "no constitutional duty to provide [a parolee] an adversary parole hearing until he is taken into custody as a parole violator by execution of [a] warrant." *Moody v. Daggett*, 429 U.S. 78, 89 (1976); *Morrissey v. Brewer*, 408 U.S. 471 (1972). The detainer warrant has not been executed and Mr. Gabriel has not yet been taken into federal custody as a parole violator. Mr. Gabriel's complaint is without merit. Accordingly, it is

ORDERED that the complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED at Denver, Colorado, this 2 day of Oct, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01495-BNB

Julian Peter Gabriel
Prisoner No. 57828
Kit Carson Corr. Center
PO Box 2000 - Unit D
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/9/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk